UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBIE L. GEORGE,

       Petitioner,

                                           CASE NO. 04-74968

v.

                                           HONORABLE AVERN COHN

SHERRY L. BURT,

       Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

      This is a habeas case under 28 U.S.C. § 2254. Bobie L. George (Petitioner), a state prisoner currently confined at the Macomb Correctional Facility in New Haven, Michigan,[1] was convicted of second-degree murder, armed robbery, four counts of assault with intent to rob while armed, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 1995. He has been sentenced to concurrent terms of 40 to 60 years imprisonment on the murder, robbery, and assault convictions and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner challenges the propriety of his sentence. Respondent has filed an answer to the petition contending that it should be denied. For the reasons set forth herein, the petition is DENIED.

---

      [1] At the time he filed his habeas petition, Petitioner was confined at the Southern Michigan Correctional Facility in Jackson, Michigan, where Respondent is the warden.

## II. Background

Petitioner's convictions arise from an incident in which he and co-defendant Deon Prince armed themselves, approached people playing cards on a porch of a Detroit home, and demanded money. As the card players began to comply, a small child ran from the house onto the porch. Two women on the porch lunged for the child. Co-defendant Prince saw the sudden movement and fired his gun, striking the child's mother who died from her injury.

Petitioner was charged with felony murder, armed robbery, four counts of assault with intent to rob while armed, and possession of a firearm during the commission of a felony. The jury convicted him of second-degree murder, armed robbery, four counts of assault with intent to rob while armed, and possession of a firearm during the commission of a felony. The trial court sentenced Petitioner to concurrent terms of 40 to 60 years imprisonment on the murder, robbery, and assault convictions, and to a consecutive term of two years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed an appeal as of right raising claims challenging a limitation on cross-examination, the jury instructions on aiding and abetting and felony firearm, the admission of other acts evidence, prosecutorial misconduct, and the propriety of his sentence. The Michigan Court of Appeals affirmed Petitioner's convictions but remanded for re-sentencing before a different judge because the trial judge improperly found that Petitioner was actually guilty of first-degree murder. People v. George, No. 186988, 1997 WL 33353322 (Mich. App. Feb. 28, 1997) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. People v. George, 456 Mich. 863 (1997).

On remand, a different circuit judge imposed the same sentence of concurrent terms of 40 to 60 years imprisonment on the murder, robbery, and assault convictions and a consecutive term of two years imprisonment on the felony firearm conviction. Petitioner filed an appeal as of right with the Michigan Court of Appeals challenging his sentence, claiming that the re-sentencing judge failed to acquaint himself with the case and individualize the sentence. The Court of Appeals found that the re-sentencing judge had failed to become familiar with the case, reversed the sentence, and remanded the case for re-sentencing before yet another judge. People v. George, No. 214103, 2000 WL 33535366 (Mich. App. Jan. 28, 2000) (unpublished).

At the second re-sentencing, a third circuit judge reviewed the case and sentenced Petitioner to concurrent terms of 40 to 60 years imprisonment on the murder, robbery, and assault convictions and to a consecutive term of two years imprisonment on the felony firearm conviction. Petitioner filed another appeal as of right with the Michigan Court of Appeals challenging his sentence. The Court of Appeals remanded the case to the same judge so that he could articulate the reasons justifying a departure above the sentencing guideline range of 144 to 300 months or life imprisonment. People v. George, No. 227353, 2002 WL 345579 (Mich. App. Feb. 26, 2002) (unpublished).

On remand, the re-sentencing judge articulated his reasons for departing above the guideline range in imposing the concurrent sentences of 40 to 60 years imprisonment. Those reasons included the gravity of the offense and the circumstances of the crime. Petitioner then filed an appeal as of right asserting that the re-sentencing judge failed to consider his background and that the sentence is disproportionate. The

3

Michigan Court of Appeals affirmed the sentencing decision, but remanded the case for the ministerial task of completing the sentencing information report guideline departure form.  People v. George, No. 241382, 2004 WL 345306 (Mich. App. Feb. 24, 2004). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, which was denied.  People v. George, 471 Mich. 871 (2004).

Petitioner filed his petition for writ of habeas corpus on December 20, 2004 asserting the following claims as grounds for relief:

> I.   Petitioner has been denied his Sixth Amendment right when the trial judge found facts not reflected in the jury's verdict, or admitted by Petitioner, to which his sentencing range was calculated, and then imposed an exceptional sentence, which exceeded the sentencing range by 15 years.
>
> II.  Where Judge Townsend refused to take account of Petitioner's background, which showed absolutely no prior criminal involvement, his decision to exceed the high end of the guidelines by 15 years violates the Milbourn proportionality principle, moreover, Judge Townsend failed to exercise independent judicial discretion where he chose the same "basketball score" sentences as had been imposed by the original sentencing judge for six violations of three different statutes.

Respondent has filed an answer to the petition asserting that the first claim is unexhausted and that both claims should be denied for lack of merit.  Petitioner has filed a reply to the answer contending that further exhaustion of his claims would be futile and that he is entitled to relief.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 et seq., governs this case because Petitioner filed his habeas petition after the

AEDPA's effective date.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively

5

unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See Williams, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) (emphasis in original). While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. See Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003).

Lastly, a federal court must presume that state court factual determinations are correct. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. See Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Analysis

### A. Exhaustion

As an initial matter, Respondent says that the petition should be dismissed because Petitioner has failed to fairly present his first habeas claim to the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)

("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

The Court agrees with Respondent that Petitioner has failed to fully exhaust his state court remedies as to his first habeas claim. Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510, 522 (1982). An unexhausted claim, however, may be addressed if pursuit of a state court remedy would be futile, Witzke v. Withrow, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987). A federal district court also has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts and then return to federal court on a perfected petition. See Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1534-35 (2005).

In this case, the Court finds that the interests of justice would be best served by

adjudicating Petitioner's habeas claims. Further attempts at exhaustion in the state courts are likely to be futile. Additionally, the claims lack merit and may be denied on the merits despite the lack of exhaustion.

### B. Claim One: Sixth Amendment Claim

Petitioner first asserts that he is entitled to habeas relief because he believes that the sentencing judge violated his Sixth Amendment rights by relying upon facts not reflected in the jury's verdict in imposing sentence. Specifically, Petitioner alleges that the sentencing judge assessed points and departed above the guidelines based upon a determination that the murder occurred during the commission of a felony (the robbery), despite the fact that the jury did not convict him of felony murder. Respondent contends that this claim lacks merit.

Petitioner cannot prevail on any claim that he is entitled to habeas relief because the trial judge relied upon facts not found by the jury in imposing a sentence above the guideline range in violation of the Sixth Amendment. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Apprendi involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See People v. Claypool, 470 Mich. 715, 730 n.14 (2004) (citing MICH. COMP. LAWS § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines

ranges. Id. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See People v. Babcock, 469 Mich. 247, 255 n.7 (2003) (citing MICH. COMP. LAWS § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. See Claypool, 470 Mich. at 730 n.14.

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. See Blakely v. Washington, 543 U.S. 296, 304-05, 308-09 (2004). Because Apprendi and Blakely do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's departure above the sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. See Walton v. McKee, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Habeas relief is therefore not warranted on this claim.

### C. Claim Two: Sentencing Proportionality Claim

Petitioner also alleges that he is entitled to habeas relief because his concurrent sentences of 40 to 60 years imprisonment are disproportionate and constitute an abuse of discretion. Respondent contends that this claim constitutes a state law issue that lacks merit.

To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. See Austin v. Jackson, 213 F.3d 298, 300 (6th Cir. 2000) (citing Pulley v. Harris, 465 U.S. 37, 41 (1984)). It is well-established that habeas relief does not lie for perceived errors of state law. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. See Oviedo v. Jago,

809 F.2d 326, 328 (6th Cir. 1987). There is also no federal constitutional right to individualized sentencing. See United States v. Thomas, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner also is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. See Harmelin v. Michigan, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" Austin, 213 F.3d at 302 (quoting United States v. Organek, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." Thomas, 49 F.3d at 261.

Petitioner was sentenced to concurrent terms of 40 to 60 years imprisonment on his second-degree murder, armed robbery, and assault convictions. Although the sentence exceeded the minimum guideline range, it was within the statutory maximum of life imprisonment for each offense. See MICH. COMP. LAWS §§ 750.317, 750.529, 750.89. Accordingly, the state court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between Petitioner's crime and sentence so as to offend the Eighth Amendment. The Michigan Court of Appeals' decision affirming Petitioner's sentence is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims presented in his petition. Accordingly, the Court DENIES WITH PREJUDICE the petition for writ of habeas corpus.

SO ORDERED.

          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: January 20, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 20, 2006, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager
          (313) 234-5160