UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBIE L. GEORGE,

       Petitioner,

                                            CASE NO. 04-CV-74968-DT
v.                                          HONORABLE AVERN COHN

SHERRY L. BURT,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

I.

This is a habeas case. Before the Court is Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), concerning this Court's dismissal of his habeas petition on the merits on January 20, 2006. Petitioner has also filed an application to proceed without prepayment of fees. For the reasons that follow, the motion and application will be denied.

II.

Under Rule 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

1

satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Petitioner does not challenge the substance of the Court's dismissal in his motion – and the Court concludes that it did not err in dismissing the habeas petition, which concerned sentencing issues. Rather, Petitioner seeks to re-open this case because he says he did not learn of the Court's January 20, 2006 dismissal of his petition until he inquired about the status of his case in June, 2008. Petitioner states that he was transferred to a different correctional facility during the pendency of his petition and did not receive notice of the dismissal until the Court responded to his inquiry in June, 2008. Court records confirm that a copy of the dismissal order was returned to the Court as undeliverable in January, 2006. Petitioner, however, never informed the Court of his new mailing address, despite his obligation to do so. See, e.g., Fed. R. Civ. P. 11(a). He has also failed to explain why he waited nearly three years after the date he filed his reply to Respondent's answer to the petition to inquire about the status of his case. Under these circumstances, Petitioner has not shown that he should be allowed to re-open this case.

Petitioner also seeks to re-open this case so that he may stay the proceedings and exhaust additional, unidentified issues in the state courts. A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay

and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

Petitioner has made no such showing. He has not demonstrated good cause for failing to previously exhaust his additional, unidentified claims, nor has he demonstrated that those claims are not plainly meritless. The Court finds no reason to allow Petitioner to re-open this closed habeas case or to hold the proceedings in abeyance.

Lastly, to the extent that Petitioner seeks to re-open the time for filing an appeal of the Court's dismissal of his petition, he is not entitled to relief. Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>   (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;
>
>   (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
>   (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Petitioner has not satisfied these requirements – specifically subsection (B). Petitioner did not date his motion within seven days of his alleged receipt of notice of

3

the Court's dismissal of his habeas petition nor did he file his motion within 180 days of the Court's dismissal order. The Advisory Committee Notes to Rule 4(a)(6) state, in pertinent part, that the rule "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal...." Advisory Committee Notes to 1991 Amendment. Because Petitioner filed his motion beyond the 180-day time limit, the Court cannot extend the time for filing an appeal. See United States v. Personal Property Seized From D.C. Cycle Shop, 229 F.3d 1155, 2000 WL 1175643 (6th Cir. 2000). Any request to reopen the time to file an appeal must therefore be denied.

III.

For the reasons stated above, Petitioner's motion for relief from judgment is DENIED. Given this determination, Petitioner's application to proceed without prepayment of fees is also DENIED.

SO ORDERED.

Dated: September 5, 2008      s/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Bobie L. George, #243589, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 the attorneys of record on this date, September 5, 2008, by electronic and/or ordinary mail.

                                               s/Julie Owens
                                               Case Manager, (313) 234-5160